## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WILLIE FRANK WHITEHEAD, JR.,

     Plaintiff,

v.                                Case No. 8:14-CV-1060-T-30EAJ

ROGER ALCOTT, et al.,

     Defendants.

_____/

## ORDER

Before the Court are Plaintiff's, a pre-trial detainee currently confined at Treasure Coast Forensic Treatment Center in Indiantown, Florida, *pro se* civil rights complaint (Dkt. 1) and motion for leave to proceed *in forma pauperis* (Dkt. 2). Plaintiff brings this action against the Honorable Roger Alcott, a circuit court judge in the Tenth Judicial Circuit Court in and for Polk County, Florida; Jerry Hill, State Attorney, Polk County; Wade Warren and Karen Burnett, Assistant State Attorneys, Polk County; Patrick Long, Plaintiff's public defender; Mike Smith, a security guard at Lakeland Regional Medical Center; Officers Todd Edwards, Cory Suttle, David Gray, and John Callahan with the Lakeland Police Department; the Lakeland Regional Medical Center; the Lakeland Police Department; and the Polk County Jail.

In the complaint, Plaintiff alleges that he was arrested and is being criminally prosecuted based upon falsified statements by the victim and a police officer.[1]  As relief, Plaintiff seeks immediate release from detainment, dismissal of the pending criminal charges, and monetary damages.

## Standard of Review

Because Plaintiff filed this action against governmental employees and entities while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b).[2]  Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . .  On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2).  Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental entity or employee has been sued regardless of whether the filing fee has been paid.  *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999).  The phrase "fails to state a claim

---

[1]Plaintiff has been charged with resisting an officer without violence and aggravated assault on a firefighter or emergency medical care provider (Dkt. 1-1 at p. 2).

[2]28 U.S.C. § 1915A (c) states in pertinent part that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of. . . violations of criminal law . . . ."  Accordingly, the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees.

2

upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

## Discussion

Under *Younger v. Harris*, 401 U.S. 37, 41 (1971), a federal court may not enjoin a pending state criminal proceeding where the alleged violation of the plaintiff's federal rights can be addressed by the state court. *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

In *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985), the Eleventh Circuit extended the *Younger* rule to § 1983 actions seeking money damages. The *Doby* court held that when an issue raised in a federal court through a § 1983 damages action is then pending in a state court proceeding, federal abstention on that issue is proper until the state court rules on the issue. *Id*; *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson*

3

*v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983).  If the relief sought "would create an undue interference with state [criminal] proceedings," it is generally prohibited by the *Younger* doctrine.  *Green v. Jefferson County Commm'n*, 563 F.3d 1243, 1250 (11th Cir.), *cert. denied*, 130 S.Ct. 199 (2009).

Plaintiff's state criminal proceeding is ongoing, implicates an important state interest, and will provide an adequate opportunity for Plaintiff to raise constitutional challenges.  A decision by this Court on the issues presented in the complaint would substantially interfere with, and potentially undermine, the results reached in the ongoing state criminal proceeding. Therefore, the *Younger* doctrine is applicable to the instant civil rights action.

There are three exceptions to the *Younger* doctrine, where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 53-54).  The complaint does not allege facts that support a finding that this case should be excepted from the application of the *Younger* doctrine.

Therefore, pursuant to *Younger*, the Court will dismiss, without prejudice, Plaintiff's complaint.[3]

Accordingly, the Court **ORDERS** that:

1.    Plaintiff's Complaint (Dkt. 1) and this action are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915A(b).

2.    Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is **DENIED** as moot.

3.    The **Clerk** shall close this case.

**DONE and ORDERED** in Tampa, Florida on May 13, 2014**.**

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished:
Plaintiff *pro se*

---

[3]The Court notes that Plaintiff's claims against Judge Alcott, the state attorneys, his court-appointed counsel, the Lakeland Police Department, and the Polk County Jail are fatally flawed.  A public defender is not a "person" acting "under of color of [state law]" for the purposes of 42 U.S.C. § 1983.  *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (unpublished) ("[B]ecause [appointed counsel] was performing traditional lawyer functions in her representation of [plaintiff], she was not acting under color of state law. Therefore, [plaintiff] has no §1983 cause of action against [appointed counsel] in connection with her representation of him.").  Judge Alcott is absolutely immune from damages liability for his actions taken in his judicial capacity. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  Likewise, the prosecutors are entitled to absolute immunity with respect to Plaintiff's claims against them for initiating and pursing the criminal prosecution.  *See Lawrence v. Gwinnett County*, 2014 U.S. App. LEXIS 3099, at *12 (11th Cir. Feb. 20, 2014).  Finally, the Polk County Jail and Lakeland Police Department are not legal entities amenable to suit.  *See Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that "county jails are not legal entities amenable to suit."); *Hart v. Judd*, 2011 U.S. Dist. LEXIS 88873, at *8 (M.D. Fla. Aug. 10, 2011) (unpublished) ("Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff.") (citations omitted); *Williams v. Miami-Dade Police Dep't*, 297 Fed. App'x 941, 945 (11th Cir. 2008) (under Florida law, a "police department" is not a legal entity subject to suit).