**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WILLIE FRANK WHITEHEAD, JR.,

    Plaintiff,

v.                                                  Case No: 8:14-cv-1060-T-30EAJ

ALCOTT ROGER, JERRY HILL,
KAREN E. BURNETT, PATRICK
LONG, WADE A. WARREN, MIKE
SMITH, TODD EDWARDS, CORY
SUTTLE, JOHN CALLAHAN, GARY
JEFFERY, DAVID WATERMAN,
LAKELAND REGIONAL MEDICAL
CENTER, LAKELAND POLICE
DEPARTMENT and POLK COUNTY
JAIL,

    Defendants.

## **ORDER**

THIS CAUSE is before the Court on Plaintiff's "Motion [for] Notice's (sic) of Requirement, and Request for Document's (sic) Ordered." As indicated in his filings, Plaintiff is either a pre-trial detainee on Florida criminal charges or a prisoner in the custody of the state of Florida. Plaintiff first filed a lawsuit against several Florida public officials and sought immediate release from detention and dismissal of all criminal charges against him. (Dkt. 1). The Court dismissed that lawsuit without prejudice for failure to state a claim. (Dkt. 3). Plaintiff thereafter sought the same relief in a filing styled as a "Motion for Demand for Release." The Court ordered that pleading stricken on the grounds that there was no open case in which Plaintiff could seek relief by way of a motion. Interpreting the

motion as one seeking Habeas relief from a state prisoner, that same order instructed the Clerk to send Plaintiff the form, "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," in an effort to assist Plaintiff in properly petitioning the Court for relief. (Dkt. 5).

Electing not to use the form, Plaintiff filed another motion seeking "discharge . . . from crime, and state custody." (Dkt. 6). This motion, however, suggested that Plaintiff was a pre-trial detainee. The Court struck the motion on the same grounds as the previous one, but this time instructed the Clerk to send Plaintiff the form more appropriate for pre-trial detainees, "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241." The Clerk complied.

Electing again not to use the form, Plaintiff now moves the Court to supply Plaintiff with a broad (and often vague) range of documents. The Court will remind Plaintiff again: his complaint was dismissed, which means that he does not have a pending case through which to move the Court for relief. The motion will be stricken on this ground alone.

Moreover, even if Plaintiff had properly filed a Habeas petition and there were now an open case, Plaintiff's motion would have been denied because Plaintiff failed to articulate a particularized need for the documents he seeks. *See United States v. MacCollom*, 426 U.S. 317, 325–27 (1976).

Plaintiff is again encouraged that, if it is Habeas review he seeks, he should use the appropriate form supplied by the Court.

It is **ORDERED AND ADJUDGED** that:

1. Plaintiff's "Motion [for] Notice's (sic) of Requirement, and Request for Document's (sic) Ordered" (Dkt. #8) is STRICKEN.

2. This case shall remain CLOSED.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of November, 2016.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record